# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**GUISEPPINA "FINA" BARTLETT**                                                       **PLAINTIFF**

**v.**                               **No. 4-13-cv-682-DPM**

**THE CITY OF LITTLE ROCK**                                                          **DEFENDANT**

## AGREED PROTECTIVE ORDER

1. *Confidential Information*, defined below, and obtained by either party in this action, shall be used only for the purpose of this litigation and for no other purpose, and shall not be given, shown, made available or communicated in any way to anyone except *Qualified Persons*, as defined below. In the event that any *confidential information* or documents subject to this Order are used in any court proceeding in this litigation, it shall not lose its confidential status, and the party using the confidential material shall take all reasonable steps to maintain its confidentiality during use

2. *Confidential Information* includes, without limitation: social security numbers, driver's license numbers, employee identification numbers, home addresses, unlisted telephone numbers, credit card and bank account numbers, medical records, employee evaluations, including any all and all records that are used to support the evaluations, marital and similar family information,

tax withholding and payroll deductions, employee benefit information, disciplinary records and other information agreed upon by the parties or deemed by the Court to be confidential in nature. The Parties will designate this information as "Confidential Information" with an appropriate "Confidential Information" stamp designating it as such, in order to give the opposing party an opportunity to object to that designation. If either party disputes that the designated information is confidential, then the parties must follow the procedures in the Court's Final Scheduling Order for discovery disputes.

3. The Court orders that counsel for the Defendant ensure that the following *confidential information* be redacted from any documents produced by Defendant: social security numbers, driver's license numbers, employee identification numbers, home addresses, unlisted telephone numbers, credit card and bank account numbers. This highly confidential and personal information which is typically contained in employee personnel records is not needed by Plaintiff in order to prosecute his lawsuit.

4. Except with the prior written consent, or pursuant to further Order of this Court on motion with notice to the opposing party, no *confidential information* may be disclosed to any person other than *qualified persons* who

shall be defined as Plaintiff, Plaintiff's counsel, Defendant, Defendant's counsel, employees of counsel for the Parties (to the extent necessary), employees of Defendant involved in the defense of this action, experts, witnesses who testify at trial or at any deposition in this lawsuit, court reporters, and other court personnel.

    5.    This Order, insofar as it restricts the communication in any way and use of *confidential information*, for one year after this litigation, including appeals, ends. At that time:

    a)    Upon request by Defendant, Plaintiff (or her counsel) shall take all reasonable steps necessary to reclaim all *confidential information*, including correspondence, memoranda, notes or any other documents embodying such information, in whole or in part, and return the *confidential information* to counsel for the Defendant. Alternatively, Plaintiff's counsel may serve an affidavit of destruction on defense counsel attesting that all *confidential information* produced in discovery or obtained otherwise, including all copies made of such information, have been destroyed. The affidavit of destruction shall include all *confidential information* protected by this Order which has been

placed in any computer database shall be completely erased, and any documents listing or summarizing the information protected by this Order shall be destroyed within the same period. This paragraph does not require the return or destruction of any motions, briefs, or other items filed with the Court that may contain, reference, or summarize confidential information.

b)  Counsel and all *qualified persons* shall not disclose in any manner any *confidential information* obtained during the course of this proceeding.

6.  This Order shall not be modified, vacated, suspended, appealed, or otherwise altered without further order of the Court. Use of any confidential materials subject to this Order in discovery, at trial, or in any other manner shall not alter the obligations set forth in this Order. The Court shall retain jurisdiction over this Order for purposes of enforcement and adjudication of claims concerning alleged violations of its provisions for one year after the termination of this lawsuit, including any appeals. Any violation of this Order by any person subject to its terms may result in the imposition of sanctions against the violator, the party by whom the violator is employed or both. After the Court's jurisdiction ends, this Order shall exist as a contract between the

signatories.

7. Neither the agreement to or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action.

8. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. Issues of use or admissibility at trial shall be determined by the Court at that time.

9. Any party desiring to file a document under seal or requesting that a document or documents be filed under seal must comply with Rule 5.2 of the Federal Rules of Civil Procedure. If redaction proves impracticable, then the party wishing to file under seal must first obtain leave from the Court. The Court has sole discretion over whether to permit a party to file under seal.

10. Plaintiff's current counsel shall explain to Plaintiff the terms of this Protective Order, including the requirements and restrictions he must observe.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

29 September 2014

APPROVED BY:

/s/ Austin Porter, Jr.
Austin Porter, Jr. #86145
323 Center Street
Suite 1300
Little Rock, Arkansas 72201
Tel: 501/244-8200
aporte@5640.com

ATTORNEY FOR PLAINTIFF

/s/ LaTonya Laird Austin
LaTonya Laird Austin, #2002102
Deputy City Attorney
City Hall - Suite 310
500 West Markham
Little Rock, Arkansas 72201
(501) 371-4527
laustin@littlerock.org

ATTORNEY FOR DEFENDANT